UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joseph Anthony Favors,

    Plaintiff,

v.                                                           Case No. 18-cv-3187 (JNE/LIB)
                                                                ORDER

Chase Bank, et al.,

    Defendants.

In a Report and Recommendation ("R&R") dated June 28, 2019, the Honorable Leo I. Brisbois, United States Magistrate Judge, recommended that the Court grant Defendant Chase Bank's motion to dismiss.[1] ECF No. 44. Pro se plaintiff Joseph Anthony Favors objected, ECF No. 45, and Defendants responded, ECF No. 46.

In his objections, Plaintiff seeks leave to amend his Complaint with "vital factual information regarding . . . his Fair Credit Reporting Act claims, including the use of the wrong statute numbers." ECF No. 45 at 3. Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the opposing party's written consent or the court's leave, and Rule 15 instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But because Plaintiff has not filed a motion to amend and has failed to specify his proposed the amendments, the Court denies his request at this time. *See also Ellis v. City of Minneapolis*, 518 Fed. Appx. 502, 504-505 (8th Cir. 2013) ("We have repeatedly held that a district court does not abuse its

---

[1] As the R&R observed: "Plaintiff's federal law claims as alleged against Defendants 'Mrs. W. White' and 'Alltran Financial LP' remain to be litigated in the present case." ECF No. 44 at 19 n.9.

1

discretion in denying leave to amend when the party seeking leave to amend has failed to follow procedural rules or failed to attach the proposed complaint."). However, Plaintiff may seek leave to amend his Complaint by filing a motion to amend accompanied by a copy of the proposed amended pleading. Fed. R. Civ. P. 15(a)(2); D. Minn. LR 15.1(b).

Plaintiff also requests leave to amend his Complaint to explain "why this Court is the absolute appropriate venue" to hear his state court claims. ECF No. 45 at 3. The Court construes this as an objection to the R&R—not a request to amend. For the reasons stated in the R&R, the Court overrules Plaintiff's objection and declines to exercise supplemental jurisdiction over Plaintiff's breach of contract claims.

Accordingly, based on a de novo review of the record, the Court accepts the recommended disposition. *See* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2. Therefore, IT IS ORDERED THAT:

1. The Court ADOPTS the Report and Recommendation [ECF No. 44] of United States Magistrate Judge Leo I. Brisbois.

2. Defendant Chase Bank's Motion to Dismiss [ECF No. 11] is GRANTED IN PART and DENIED IN PART as follows:

    a. Count 1 is DISMISSED WITH PREJUDICE.

    b. Counts 2, 4, and 5 are DISMISSED WITHOUT PREJUDICE.

    c. The Court declines to exercise supplemental jurisdiction over Counts 3 and 6. Counts 3 and 6 are DISMISSED WITHOUT PREJUDICE.

Dated: August 9, 2019

    s/Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge