UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Joseph Anthony Favors,                          Case No. 18-cv-3187 (JNE/LIB)

        Plaintiff,

v.                                                          **REPORT AND RECOMMENDATION**

Chase Bank, et al.,

        Defendants.

_____

       This matter came before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. 636.

       Plaintiff initiated the present action on November 15, 2018, by filing his Complaint. [Docket No. 1]. Plaintiff's Complaint named Chase Bank, "Mrs. W. White," and Alltran Financial LP as Defendants. (Id.).

       Upon Plaintiff filing the present action, the Court granted Plaintiff's application to proceed in forma pauperis, directed Plaintiff to submit properly completed Marshal Service Forms for each Defendant, and directed the Clerk of Court's office to seek waivers of service from each Defendant. (Order [Docket No. 3]). Thereafter, Plaintiff completed the required Marshal Service Forms, and the Clerk of Court's office mailed waiver of service forms to all Defendants. (Notice [Docket No. 6]).[1]

       After thirty days had passed since the Clerk of Court's office sought waiver of service from Defendant Mrs. W. White without her signing and returning the waiver of service form, the

_____

[1] After responding to Plaintiff's Complaint in the form of a Motion to Dismiss, Defendant Chase Bank was dismissed from the present action. (Order [Docket No. 48]). Defendant Alltran has filed its Answer in response to Plaintiff's Complaint. (Answer [Docket No. 35]).

Court directed the United States Marshal Service to effect service of process upon Defendant Mrs. W. White using the address information Plaintiff provided to the Clerk of Court. (Order [Docket No. 22]).

Thereafter, the United States Marshal Service filed forms documenting its efforts to serve Defendant Mrs. W. White. (Summonses Returned Unexecuted [Docket Nos. 32, 39]). The Marshal Service reported that it was unable to serve Defendant Mrs. W. White at the address Plaintiff provided. (Summonses Returned Unexecuted [Docket Nos. 32, 39]). The records on this Court's docket provide that copies of these forms were mailed to Plaintiff, and that mailing was not returned to the Clerk of Court as undeliverable. (Summonses Returned Unexecuted [Docket Nos. 32, 39]). Other than the no longer current address already provided to the Clerk of Court's office, Plaintiff has not provided the Court with any other contact information for Defendant Mrs. W. White.[2]

After more than 90 days had passed since the Court had ordered the United States Marshal Service to effectuate service upon Defendant Mrs. W. White on Plaintiff's behalf, Plaintiff had not provided proof that he had otherwise served a summons and a copy of the Complaint on Defendant Mrs. W. White. Accordingly, the Court issued an Order, [Docket No. 50], again notifying Plaintiff that the Federal Rules of Civil Procedure require a plaintiff to demonstrate proof of service "within 90 days after the complaint is filed, [or] the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time," and his time to do so had long since passed. Fed. R. Civ. P. 4(m). In that Order, [Docket No. 50], the Court explained that "it is the Plaintiff's responsibility to provide a proper address to effectuate service

---

[2] Plaintiff has provided only an employment address, effectively depriving the Marshalls Service of the option of leaving the summons and complaint with anyone other than Defendant Mrs. W. White herself.

of process . . . ." <u>King v. Dingle</u>, No. 8-cv-5992 (ADM/RLE), 2009 WL 2208164, at *1 (D. Minn. July 22, 2009); <u>see</u>, <u>Lee v. Armontrout</u>, 991 F.2d 487, 489 (8th Cir. 1993).

Pursuant to Rule 4(m), the Court directed Plaintiff, within twenty (20) days, to provide proof of service or demonstrate good cause for an extension of time to serve Defendant Mrs. W. White. (Order [Docket No. 50]). The Court forewarned Plaintiff that if he failed to comply with this Court's directive, the Court would recommend dismissal for failure to effect proper service and failure to prosecute as related to Defendant Mrs. W. White. (Order [Docket No. 50]).

More than twenty days has now passed. The time for Plaintiff to provide proof of service or demonstrate good cause for an extension of time to serve Defendant Mrs. W. White has come and long gone, and Plaintiff has neither provided proof of service nor articulated good cause as to why the Court should grant him an extension of time to do so. In fact, since the Court issued its previous Order, [Docket No. 50], directing Plaintiff to provide proof of service upon Defendant Mrs. W. White, Plaintiff has failed to take <u>any</u> action in the present case.

Consequently, the Court finds that Plaintiff has failed to abide by the terms of the Court's Order. [Docket No. 50]. Because the Court previously forewarned Plaintiff of the potential consequences of failure to abide by the Court's Order, the Court now recommends that this action as alleged against Defendant Mrs. W. White be dismissed for failure to comply with the Court's Order, [Docket No. 50], and for lack of prosecution.

Therefore, based on the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action as alleged against Defendant Mrs. W. White be **DISMISSED without prejudice**, for Plaintiff's failure to comply with the Court's Order, [Docket No. 50]; for failure to effect proper service; and for lack of prosecution. <u>See</u>, <u>Widtfeldt v. Daugherty</u>, 587 F. App'x 992 (8th Cir. 2014) (holding that the district court did not

abuse its discretion in dismissing the action without prejudice when plaintiff failed to establish

that he had properly effected service within the appropriate time after filing his complaint).

Dated:  August 10, 2020                                  s/Leo I. Brisbois
                                                         Hon. Leo I. Brisbois
                                                         U.S. MAGISTRATE JUDGE


# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).